UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
NOV 19 2014
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. **4:14CR376 CDP/NCC** |
| MARK UTLAUT, ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. At all times relevant to Count One, MARK UTLAUT ("UTLAUT"), the defendant herein, lived on Loekes Drive, in Florissant, in the Eastern District of Missouri.

2. At no time did UTLAUT have or possess a valid license or permit to transport, ship, receive, distribute, or store explosive materials.

3. As used herein, the term "explosive materials" includes commercial grade fireworks, sometimes referred to as display fireworks or 1.3G fireworks.

4. On or about June 19, 2014, UTLAUT traveled to Indiana to purchase 1.3G commercial grade fireworks which he then transported to the Eastern District of Missouri.

5. On or about June 20, 2014, UTLAUT traveled from Missouri to Illinois to transport and deliver 1.3G commercial grade fireworks.

6. On or about June 20, 2014, UTLAUT had stored in his residence in the Eastern District of Missouri, a large volume of commercial grade and consumer grade fireworks.

7. On or about June 19, 2014, in the Eastern District of Missouri and elsewhere,

**MARK UTLAUT,**

the defendant herein, not being a licensee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly transported and shipped, and caused to be transported and shipped, explosive materials, namely commercial grade 1.3G fireworks.

In violation of Title 18, United States Code, Sections 842(a)(3)(A) and 844(a).

## COUNT TWO

The Grand Jury further charges that:

1. Beats Electronics, LLC (hereinafter "Beats"), is a division of Apple, Inc.

2. At all times relevant to Count Two, Beats owned marks which were registered for use in connection with the sale of audio equipment such as headphones and speakers, including marks registered on the principal register of the United States Patent and Trademark Office. Among such registered marks were the marks "BEATS," "BEATS BY DR. DRE," and a stylized "b" logo.

3. Beginning at a date unknown to the Grand Jury, and continuing until in or around June 2014, in the Eastern District of Missouri and elsewhere, MARK UTLAUT ("UTLAUT"), the defendant herein, imported and caused to be imported counterfeit Beats Electronics products from China, which counterfeit products UTLAUT sold and caused to be sold without lawful authority. Such counterfeit products were typically shipped by commercial carrier for delivery to UTLAUT, and persons working on behalf of UTLAUT, in the Eastern District of Missouri. Thereafter, UTLAUT would often store the counterfeit products at his residence in Florissant, Missouri, before transporting and selling such products in Illinois.

4. As part of his counterfeit goods business, UTLAUT also sold, and advertised for sale, other counterfeit consumer products, including detergents and cleaning products. In

connection with such sales, UTLAUT used, without lawful authority, one or more registered marks owned by The Proctor & Gamble Company.

5. As part of his counterfeit goods business, UTLAUT used false and fictitious names when ordering counterfeit products.

6. As part of his counterfeit goods business, UTLAUT stored counterfeit products at his residence in Florissant, in the Eastern District of Missouri.

7. On or about March 7, 2014, in the Eastern District of Missouri and elsewhere,

**MARK UTLAUT,**

the defendant herein, did intentionally traffic in and attempt to traffic in goods, including counterfeit audio equipment, knowingly using on and in connection with such goods one or more counterfeit marks, including spurious marks identical to and substantially indistinguishable from marks owned by Beats Electronics, LLC, including the mark "BEATS," which marks are and were in use and are and were registered for such goods on the principal register of the United States Patent and Trademark Office, the use of which counterfeit marks is and was likely to cause confusion, to cause mistake, and to deceive.

In violation of Title 18, United States Code, Sections 2320(a) and 2.

## FORFEITURE ALLEGATION

1. Pursuant to Title 18, United States Code, Sections 844(c) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 842(a)(3)(A) and 844(a) as set forth in Count One, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense, and any explosive materials involved or used or intended to be used in the commission of said offense. Also subject to forfeiture is a sum

of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense, and any explosive materials involved or used or intended to be used in the commission of such offense.

2. Pursuant to Title 18, United States Code, Section 2320, upon conviction of an offense in violation of Title 18, United States Code, Section 2320 as set forth in Count Two, the defendant shall forfeit to the United States of America any article, the making or trafficking of which is prohibited by any statute identified in Title 18, United States Code, Section 2323(a)(1)(A); any property used or intended to be used in any manner or part to commit or facilitate the commission of said offense; and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of said offense. Also subject to forfeiture is a sum of money equal to the total value of any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of said offense.

3. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
JOHN M. BODENHAUSEN, #49568MO
Assistant United States Attorney